IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

WALESKA Y. SEGARRA SANTIAGO

    Plaintiff,

        v.

CESAR REY HERNANDEZ, ET AL.,

    Defendants.

Civ. No. 04-1195(PG)

## OPINION AND ORDER

On March 11, 2004, plaintiff filed suit seeking injunctive relief, compensatory and punitive damages from defendants in their personal and official capacity for the violation of her federally protected rights under Title I of the American with Disabilities Act("ADA"), 42 U.S.C. §1201 et seq., Title VII, 42 U.S.C.§2000e-5, and 42 U.S.C. §1981. She also brings supplemental jurisdiction claims under Puerto Rico Law No. 44 of July 2, 1985, P.R. Laws Ann. tit. 1, § 501 and Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141.

The named defendants are Cesar Rey Hernandez, the Secretary of the Department of Education, and Luis Burgos Feliciano, Director for the San German Region of the Department of Education.

On November 15, 2004, the Court dismissed plaintiff's official capacity claims for damages. (Docket Nos. 13 & 14.) Subsequently, the Court struck plaintiff's request for punitive damages. (Docket No. 21.) The only remaining claims are plaintiff's official capacity claims for injunctive relief and personal capacity claims for compensatory damages under the ADA, Title VII, and §1981, as well as the supplemental law claims.

Defendants now move to dismiss the case entirely pursuant to Rule 12(b)(c). In her opposition, plaintiff states that she has no objection to the dismissal of the personal capacity claims for compensatory damages under ADA as well as the §1981 claim. Therefore, the Court reviews defendant's motion

Civ. No.04-1195 (PG)                                                    Page 2

with regards the surviving claims, to wit: plaintiff's claim for injunctive relief against defendants in their personal and official capacity for violations of her rights under the ADA and Title VII, as well as the supplemental law claims.

## FACTUAL BACKGROUND

Plaintiff Waleska Y. Segarra Mercado ("Segarra")has been working for the Commonwealth of Puerto Rico's Department of Education ("DOE") for over seven and a half years as a kindergarten teacher in the community school Herminia C. Ramírez, in San Germán, Puerto Rico. On January 16, 2001, Segarra went to the DOE's Human Resource Office of Integral Development ("HROID"), and requested a reasonable accommodation because she suffers the degenerative disease of Multiple Sclerosis and Diabetes "Mellitus". Segarra indicated that she could perform her duties but needed an assistant that could help her in the following duties: correcting the assignments, writing on the blackboard, as well as distributing papers and other materials. On February 27, 2001, the HROID approved plaintiff's request and granted her benefits pursuant to the ADA for the school period of 2001-2002. The HROID suggested a reduction in the number of students in her classroom and made mandatory for the DOE to annually re-evaluate her reasonable accommodations case.

On August 21, 2001, Segarra went to the Office of the Solicitor for the Disable ("OPPI" abbreviation in Spanish), to file a complaint, because she had not received the reasonable accommodation that the HROID had granted her. Plaintiff claimed that Haydeé Rodriguez-Bonilla ("Rodriguez-Bonilla), the Director of the Herminia C. Ramirez School, had informed her that they could not reduce her classroom as instructed by the HROID. Ms. Rodríguez Bonilla did, however, recommend that she be assigned an assistant to help her in performing her duties.

On November 7, 2001, the OPPI held a hearing. Segarra, Ms. Rodríguez-Bonilla, Mariel López Rodríguez, Researcher for the DOE; Ruth M. Cardona

Civ. No.04-1195 (PG)                                                    Page 3

Cardona, Director for the HROID; and María Del C. Rosario, Social Worker of the DOE were present. Ms. Cardona explained that the HROID had approved plaintiff's request with regards to the reduction in her academic duties and that although the HROID had first approved that Segarra be assigned an assistant they had later determined that it was too onerous for the DOE. It appears from the complaint that Ms. Rodríguez-Bonilla was not in accord with the recommendation that Segarra's class be reduced but finally agreed to meet with co-defendant Luis Burgos-Feliciano, San German's Regional Director, to prepare a petition for a teacher assistant as a reasonable accommodation in compliance with the ADA. She agreed to inform of the decision by November 26, 2001.

A second hearing was held on December 14, 2001 to discuss the status of Segarra's case. Emma Quiñones, on behalf of the DOE's Administrative Sub-Secretary Ramon Ayala Diaz, informed that there had been no response from the DOE's Central Office. Co-defendant Luis Burgos-Feliciano confirmed through his representative, Mariel Lopez Rodriguez, that indeed they had not received a response concerning the assistant teacher petition from the DOE's central office. Ms. Rodriguez-Bonilla, the school's director, stated that she had run out of resources trying to get an assistant teacher. Seeing that no progress was achieved, Segarra's file was sent to the OPPI's Legal Division.

On April 30, 2002, the OPPI held an administrative hearing. On June 26, 2002, the OPPI issued a resolution ordering the DOE to provide Segarra with an assistant for the 2002 school year. This was also to be provided to her indefinitely due to her disability. Throughout the January to May 2002 semester, Segarra requested on multiple occasions from co-defendant Luis Burgos Feliciano to comply with the OPPI's June 26, 2002 resolution, however, she received no response.

On October 16, 2002, the OPPI issued another resolution imposing a fine of $5,000 in light of the DOE's non-compliance with the June 26, 2002 order.

Civ. No.04-1195 (PG)                                                    Page 4

During the months of November and December, 2002 as well as January and February of the year 2003, Segarra made several calls to the OPPI and to the Regional Director's office requesting that the DOE comply with the June 26, 2002 order. To date the DOE continues to ignore the order. Finally on April 14, 2003, a hearing at the OPPI was scheduled but had to be postponed because the DOE's legal representation did not attend. An order to show cause was issued forthwith. On or about October 2003 Segarra again requested from co-defendant Luis Burgos Feliciano to comply with the June 26, 2002 resolution but she was told that the DOE had no intention of complying with it, not to call again, and to go to court if she wanted an assistant.

On March 11, 2004, plaintiff filed the present complaint in light of the DOE's continued disregard of the OPPI's order and given her need for a reasonable accommodation to perform her work.

### DISCUSSION

#### I. 12(c) standard

The Court of Appeals for the First Circuit has recognized that "nothing in the text of Rule 12(c) compels the court to apply any particular standard when deciding" motions for judgment on the pleadings. NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 8 (1st Cir. 2002). Nevertheless, motions under Fed. R.Civ P. 12(c) are normally "evaluated under the familiar standard applicable to a Rule 12(b)(6) motion to dismiss'." Medina Perez v. Fajardo, 257 F.Supp.2d 467, 471 (D.P.R. 2002). Indeed, a District Court may treat a Motion for Judgment on the pleadings as a rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. Whiting v. Maiolini, 921 F.2d 5, 6 (1st Cir. 1990). See Feliciano v. Rhode Island, 160 F.3d 780, 788 (1st Cir.1998)("Judgment on the pleadings under Rule 12(c) may not be entered unless it appears beyond a doubt that the nonmoving party can prove no set of facts in support of her claim which would entitle her to relief." See also Viera-Marcano v. Ramirez-Sanchez, 224 F.Supp.2d 397, 399 (D.P.R. 2002); Fotos

Civ. No.04-1195 (PG)                                                      Page 5

v. Internet Commerce Express, Inc., 154 F.Supp 2d 212, 213 (D.N.H. 2001); Canty v. Old Rochester Regional School District, 54 F.Supp 2d 66, 68 (D.Mass. 1999). The reason being that "when a federal court reviews the sufficiency of a complaint, before the reception of any evidence . . . the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236-37(1974). See Class v. Commonwealth of Puerto Rico, 309 F.Supp.2d 235, 236 (D.P.R. 2004).

When ruling on a 12(b)(6) motion, a court must accept all well-pled factual averments as true and draw all reasonable inferences in favor of the non-moving party. Berezin v. Regency Savings Bank, 234 F.3d 68, 70 (1st Cir. 2000). A complaint should not be dismissed unless it appears beyond any doubt that the non-moving party can prove no set of facts which may support a claim entitling him or her to relief. Ronald C. Brown v. Hot, Sexy, and Safe Productions, Inc., 68 F.3d 525 (1st Cir.1995); Conley v. Gibson, 355 U.S. 41, 45-46 (1957). While this standard is very generous to the non-moving party, it does not follow that it is completely "toothless". Zeus Projects Limited v. Pérez & Cia, 187 F.R.D. 23, 26 (D.P.R. 1999). The complainant may not rest merely on "unsupported conclusions or interpretations of law." Washington Legal Foundation v. Massachusetts Bar Foundation, 993 F.2d 962, 971 (1st Cir. 1993). In order to survive a motion to dismiss, he or she must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery." Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir.1988). Indeed, the Court need not accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir.1996).

**II. Analysis**

**A. Plaintiff's ADA and Title VII claims**

Defendants assert that the Complaint should be dismissed against them in

Civ. No.04-1195 (PG)                                                    Page 6

its entirety since it arises under 42 U.S.C. § 2000e et seq., and the ADA which does not provide for liability by individuals.

"Although the First Circuit has yet to decide whether a Title VII plaintiff may maintain a suit against an individual in his personal capacity, most circuits have held that no personal liability can be attached to agents or supervisors under Title VII." Gomez Gonzalez v. Guidant Corp., 364 F.Supp.2d 112, 115-116 (D.P.R. 2005). See Tomka v. Seiler Corp., 66 F.3d 1295 (2nd Cir. 1995); Dici v. Com. of Pa., 91 F.3d 542 (3rd Cir. 1996); Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 180-81 (4th Cir. 1998); Grant v. Lone Star Co., 21 F.3d 649 (5th Cir. 1994) cert. denied, 513 U.S. 1015 (1994); Wathen v. General Elec. Co., 115 F.3d 400, 405-06 (6th Cir. 1997); Gastineau v. Fleet Mortgage Corp., 137 F.3d 490, 493-94 (7th Cir. 1998); Lenhardt v. Basic Inst. of Tech., Inc., 55 F.3d 377 (8th Cir. 1995); Miller v. Maxwell's Int'l, Inc., 991 F.2d 583 (9th Cir. 1993); Haynes v. Williams, 88 F.3d 898 (10th Cir. 1996); Cross v. Alabama, 49 F.3d 1490, 1504 (11th Cir.1995); Smith v. Lomax, 45 F.3d 402 (11th Cir. 1995); Gary v. Long, 59 F.3d 1391, 1399 (D.C.Cir.), cert. denied, 516 U.S. 1011 (1995).

Following the majority of the circuit courts, this District Court has held that individual defendants are not liable under Title VII. See Gomez Gonzalez, 364 F.Supp.2d at 115[1].

In the case at bar, co-defendants Cesar Rey Hernandez and Luis Burgos Feliciano are not plaintiff's employer as defined by Title VII. Hence, the

---

[1] Vargas v. Fuller Brush Co. of Puerto Rico, 336 F.Supp.2d 134, 139 (D.P.R. 2004); Velez-Sotomayor v. Progreso Cash and Carry, Inc., 279 F.Supp.2d 65, 72 (D.P.R. 2003); Padilla Cintron v. Rossello Gonzalez, 247 F.Supp.2d 48, 59 (D.P.R. 2003); Cotto v. Citibank, N.A., 247 F.Supp.2d 44, 47 (D.P.R. 2003); Maldonado-Cordero v. AT & T, 73 F.Supp.2d 177, 184 (D.P.R. 1999); Canabal v. Aramark Corp., 48 F.Supp.2d 94, 97 (D.P.R. 1999); Acevedo Vargas v. Colon, 2 F.Supp.2d 203, 206 (D.P.R. 1998); Pineda v. Almacenes Pitusa, Inc., 982 F.Supp. 88, 93 (D.P.R. 1997); Contreras Bordallo v. Banco Bilbao Vizcaya de Puerto Rico, 952 F.Supp. 72, 74 (D.P.R. 1997); Hernandez v. Wangen, 938 F.Supp. 1052, 1065 (D.P.R. 1996); Anonymous v. Legal Services Corp. of Puerto Rico, 932 F.Supp. 49, 51 (D.P.R. 1996). See also Danio v. Emerson College, 963 F.Supp. 61, 62 (D.Mass. 1997); Chatman v. Gentle Dental Center of Waltham, 973 F.Supp. 228, 237 (D.Mass. 1997). But see Santiago v. Lloyd, 33 F.Supp.2d 99, 102 (D.P.R. 1998).

Civ. No.04-1195 (PG)                                                    Page 7

Title VII claim against them in their individual capacity should be dismissed with prejudice. <u>Vargas v. Fuller Brush Co. of Puerto Rico</u>, 336 F.Supp.2d 134, 139 (D.P.R. 2004)("Numerous cases in the District of Puerto Rico have already determined that no personal liability exists under Title VII and that individual defendants are not liable under Title VII.")

Likewise, given that the ADA's similar statutory language to both the Age Discrimination Employment Act and Title VII, Courts have held that no personal liability attaches under the ADA either. <u>See</u> <u>Vicenty Martell v. Estado Libre Asociado de Puerto Rico</u>, 48 F.Supp.2d 81, 88 (D.P.R. 1999)(supervisors are not subject to individual liability under the ADA, thus, plaintiff may only assert his claim of discriminatory discharge under the ADA against the Commonwealth and the Department of Education); <u>Anonymous v. Legal Services Corp. of Puerto Rico</u>, 932 F.Supp. 49, 51 (D.P.R. 1996). <u>See also</u> <u>Hernandez v. Smith Kline Beecham Pharmaceutical,</u> No. 02-2750, 2005 WL 2878081, at *7 (D.P.R. Oct. 31, 2005.)

Accordingly, the personal capacity claims under the ADA and Title VII are dismissed, however, because plaintiff chose not to sue the Department of Education, the claims for injunctive relief against co-defendants in their official capacity survive. <u>See</u> <u>Rivera Rodriguez v. Police Dept. of Puerto Rico</u>, 968 F.Supp. 783, 786 (D.P.R. 1997)(finding that claim against the secretary of an agency in his official capacity is merely another way of saying that he is an agent of the agency from which plaintiff may obtain injunctive relief).

This does not end our inquiry as the Court must determine whether plaintiff's pleadings if proven true would entitle her to relief.

### A. ADA

Under the ADA "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability...." 42 U.S.C. § 12112(a); <u>see</u> <u>Criado v. IBM Corp.</u>, 145 F.3d 437, 441 (1st Cir.1998), <u>Ladenheim</u>

Civ. No.04-1195 (PG)                                                                 Page 8

v. American Airlines, Inc., 115 F.Supp.2d 225, 228-229 (D.P.R. 2000). The term discriminates includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability ...·, unless [the employer] can demonstrate that the accommodation would impose an undue hardship on the operation of the business of [the employer]." 42 U.S.C. § 12112(b)(5)(A); Higgins v. New Balance Athletic Shoe, Inc., 194 F.3d 252, 264 (1st Cir.1999), Ladenheim v. American Airlines, Inc., 115 F.Supp.2d at 228-229. Unlike a claim for discriminatory discharge, a "claim for failure to accommodate is not subject to the framework first set forth by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973)." Ladenheim v. American Airlines, Inc., 115 F.Supp.2d at 228-229 (citation omitted). Instead, plaintiff must proffer evidence that he or she is a "qualified individual with a disability ...·; that [she] works ... for an employer whom the ADA covers; that the employer, despite knowing of the employee's physical or mental limitations, did not reasonably accommodate those limitations; and that the employer's failure to do so affected the terms, conditions, or privileges of the plaintiff's employment. Id. (citing Higgins, 194 F.3d at 264). See also Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc., 286 F.Supp.2d 144, 153 (D.P.R. 2003).

Here, plaintiff has alleged facts regarding the four elements of the claim that if proven true would entitle her to relief. First, she claims she suffers from the degenerative disease of Multiple Sclerosis and Diabetes "Mellitus" which are disabilities under the ADA and that these disabilities have affected her ability to work which is considered a major life activity[2]. Second, it is well-settled that the Department of Education is an employer covered by the ADA. See Vicenty Martell, 48 F.Supp.2d 81. Third, it is clear

---

[2] Major life activities are defined as those "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. 1630.2(I)
see Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc., 286 F.Supp.2d 144, 155 -156 (D.P.R. 2003).

Civ. No.04-1195 (PG)                                                    Page 9

from the pleadings that co-defendants were made aware of her disability and her need for a reasonable accommodation. Fourth and last, she avers that co-defendants have failed to provide her a with a reasonable accommodation which have affected her employment.  Indeed, it appears from the pleadings that plaintiff exhausted all available administrative forums to obtain relief and notwithstanding numerous administrative orders instructing defendants to provide Segarra with a reasonable accommodation, they have failed to do so. At this stage of the proceedings, defendants do not contest this allegation. Whether or not the reasonable accommodation requested would impose an undue hardship on the operation of the DOE cannot be decided solely on the pleadings. Accordingly, upon reviewing the pleadings the Court finds that Segarra's ADA claim for injunctive relief against defendants in their official capacity survives defendants' motion.

### B. TITLE VII

Title VII outlaws discrimination based on race, color, religion, gender, or national origin. 42 U.S.C. § 2000e; see Vizcarrondo v. Board of Trustees of University of Puerto Rico, 139 F.Supp.2d 198, 203-04 (D.P.R. 2001). To survive defendants' motion on the pleadings plaintiff must allege enough facts, which at the very least give rise to an inference of a discriminatory animus. Vizcarrondo, 139 F. Supp. 2d at 203 (citing Dewey v. University of New Hampshire, 694 F.2d 1, 3 (1st Cir.1982)).

A review of the pleadings, reveals a total lack of factual averments alleging that defendants discriminatory actions against Segarra were motivated by her race, color, religion, gender, or national origin. Indeed, the pleadings fail to show "which of the different categories of discrimination addressed in 42 U.S.C. § 2000e-2(a), plaintiff has been a victim of on the part of defendants.". Vizcarrondo, 139 F. Supp. 2d at 203.
Therefore, having Segarra failed to plead enough facts to establish a prima

Civ. No.04-1195 (PG)                                                   Page 10

facie case under the McDonnell Douglas Corp., burden shifting framework[3] for race, color, religion, gender or national origin discrimination, the Title VII claim must be dismissed.

## CONCLUSION

In light of the foregoing, the Court **GRANTS IN PART AND DENIES IN PART**, defendants' Motion for Judgment on the Pleadings (Docket No. 16.) Partial Judgment shall be entered dismissing the §1981 claim, the Title VII claim, and the personal capacity claims under the ADA. The only surviving claim is plaintiff's claim for injunctive relief under the ADA against co-defendants in their official capacity and the supplemental law claims[4].

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, March 7, 2006.

                                                S/JUAN M. PEREZ-GIMENEZ
                                                U. S. DISTRICT JUDGE

---

[3] Under the McDonnell Douglas framework, a plaintiff first must make a prima facie showing of discrimination, established by proving: (I) that plaintiff is a member of a protected class; (ii) that plaintiff performed his or her job satisfactorily; (iii) that plaintiff was discharged; and (iv) that plaintiff's position remained open and was eventually filled by persons with plaintiff's qualifications. ... A plaintiff's successful production of a prima facie case creates a presumption of discrimination. ... Upon such a showing, the burden of production shifts to the defendant in order to show a legitimate, nondiscriminatory reason for plaintiff's termination. ... If the defendant is successful, the plaintiff must then show that defendant's reason is merely pretextual and that defendant intentionally discriminated against him or her.

Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 95 (1st Cir. 1996)(internal citations omitted).

[4] Defendants have not challenged the sufficiency of the allegations regarding the supplemental law claims. Accordingly, they remain pending as well.