**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| WALESKA Y. SEGARRA SANTIAGO<br><br>    Plaintiff,<br><br>        v.<br>CESAR REY HERNANDEZ, ET AL.,<br><br>    Defendants. | Civ. No. 04-1195(PG) |

### ORDER

On August 16, 2006, the parties informed the Court that they had reached a settlement in the above-captioned case. (Docket No. 39.) As part of the settlement, the Department of Education ("DOE") agreed to, among other things, appoint an assistant to work with Plaintiff in her classroom as a reasonable accommodation. Plaintiff suffers from Multiple Sclerosis, a degenerative disease, as well as Diabetes "Mellitus" and needs assistance in her classroom. The Court approved the settlement and entered judgment on August 17, 2006. (Docket No. 41.) By September 2007, the DOE had not appointed an assistant to work with Plaintiff. Accordingly, she filed a motion requesting that the Court order the DOE to show cause why it should not be found in contempt of Court. Plaintiff claimed that her efforts in obtaining compliance had been to no avail. She further requested that sanctions be imposed in the form of an award of costs and attorney fees to cover the legal expenses incurred in seeking the Court's assistance due to Defendant's non-compliance with the binding agreement and judgment. (Docket No. 45.)

On September 7, 2007, the Court ordered the DOE to show cause on or before September 24, 2007, why it should not be found in contempt of court. (Docket No. 46.)

On September 17, 2007, the DOE filed a motion showing cause and informed that on September 11, 2007, it created the teaching assistant

Civ. No. 04-1195 (PG) Page 2

position. (See Docket No. 47, Exhibit 1.) It also informed that it was interviewing individuals for the position and that the assistant would be appointed within a few days. As soon as the assistant was appointed, the DOE would inform the Court.

Plaintiff responds to the DOE's motion showing cause arguing that it had to create and fill the position before the beginning of the school year, in other words, before August of 2007. According to the DOE, the position is to be effective on September 11, 2007 and as of September 18, 2007 no one had been appointed. Furthermore, the appointment ends on March 8, 2008, however, the school year ends on May 2, 2008. The announcement states that the position will not be extended for another term or at least until the end of the school year. Plaintiff argues that this is not the first time that the DOE has failed to comply with the settlement. The stipulation was signed and agreed on August 16, 2006, and the DOE had to provide the teaching assistant at the beginning of that school year, i.e.--August 2006. The assistant began to work on December 8, 2006. Plaintiff was forced to engage in legal costs in order to persuade defendant that it is obliged to comply with the judgment. Plaintiff argues that announcing the creation of the position after the Court issued the order to show cause and having made no appointment yet does not comply with the Judgment. Therefore, she insists that sanctions are warranted. (See Docket No. 49.)

The DOE replies arguing that it had already informed the Court that after the creation of the position, interviews of candidates and several other internal procedures had to be completed before the person was appointed. It also informed that it expected to appoint the teaching assistant within a few days. In fact, on September 24, 2007, the DOE's counsel communicated with Plaintiff's counsel and informed him that the person selected for the position was Mrs. Brendaliz Mora Nin who had

Civ. No. 04-1195 (PG)                                                    Page 3

already submitted to the anti-doping test and was expected to commence working before the end of that week. On September 26, 2007, Plaintiff's counsel confirmed to defense counsel that he had spoken with his client and that the teaching assistant had already started working with Plaintiff. Therefore, the DOE argues that it has fully complied with its obligation to appoint the teaching assistant, thus, there is no reason why the Court should impose monetary sanctions.

Plaintiff acknowledges that on September 20, 2007, the teaching assistant began working with her but argues that the DOE proffers no reasonable explanation as to why last year she was left for about 4 months without an assistant and why this year she spent a month and a half without the assistant either. Furthermore, she claims that no reason is given as to why the appointment ends on March 8, 2008 when the school year ends in May 2008. Accordingly, she renews her request for sanctions to prevent defendant's continuous disregard of the Court's order.

Having carefully reviewed the record, and considering that a teaching assistant has been appointment (see Docket No. 53), the Court grants in part Plaintiff's request. The Court hereby imposes monetary sanctions in the amount of **$1,500.00** to cover the costs and fees incurred by Plaintiff in seeking enforcement of the Court's judgment. The Court is concerned with the fact that the current appointment ends in March of 2008 when the school year ends in May. (See Docket No. 53, Exhibit 1.) The Court reminds the DOE that, pursuant to the settlement, it is required to appoint an assistant to work with the Plaintiff in her classroom as a reasonable accommodation for the entire school year.

Wherefore, for the preceding reasons, the Court **GRANTS IN PART** Plaintiff's Motion for Order to Show Cause **(Docket No. 45)**; Motion for Sanctions (Docket No. 49); and, Second Motion for Sanctions **(Docket No.**

Civ. No. 04-1195 (PG)                                                    Page 4

**51.)** The motions showing cause **(Docket Nos. 47 and 50)** and the Informative Motion regarding appointment **(Docket No. 53)** are **NOTED**.

    **SO ORDERED.**
    In San Juan, Puerto Rico, October 25, 2007.

                                                   S/JUAN M. PEREZ-GIMENEZ
                                                   U.S. DISTRICT JUDGE